Messrs. *Henry W. Kinsman*, of Newburyport, *Nathaniel W. Coffin*, of Boston, *Asa H. Waters*, of Millbury, *John H. Richardson*, of Watertown, *Laban Marcy*, of Greenwich, *Henry Bourne*, of Sandwich, *Obadiah W. Albee*, of Marlborough.

### WEST CAMBRIDGE.

A person, not legally elected a representative, though holding a certificate of his election, and having a seat in the house under the same, has no power to resign his seat.

THE election of Mansur W. Marsh, returned from the town of West Cambridge, was controverted[1] by J. M. Whitten and others, on the ground that he had not received a majority of the votes at the balloting under which he claimed his seat. After the petition against his election was referred to the committee on elections, Mr. Marsh transmitted to the house a letter[2] resigning his seat, which letter was referred to the same committee, who subsequently reported[3]:—

" That, under the authority conferred upon them by the house, the committee summoned Moses Proctor, the town clerk, and the selectmen of the town of West Cambridge, to appear before them, on behalf of the petitioners, and also such witnesses as were desired by the said Mansur W. Marsh.

The town clerk produced and verified his record of the proceedings of the meeting of said town, for the choice of state officers; from which it appears, that on the 13th day of No-

[1] 71 J. H. 16.      [2] Same, 43.      [3] Same, 222.

vember, 1848, the town voted to send a representative to the general court; and, thereupon, proceeded to a vote, the result of which was as follows:—Whole number of votes, 300; for Mansur W. Marsh, 150; for Albert Winn, 133; for S. Fessenden, 15; for James Russell, 1; for James Clark, 1. The said Marsh, as chairman of the selectmen, presided at the meeting, declared the vote, and added these words, 'consequently no choice.'

The town subsequently voted to adjourn to the next day at 2 o'clock. The meeting on the next day was holden accordingly, Mr. Marsh still presiding; and a ballot was gone into, which resulted in no choice. The town then voted not to send a representative, and adjourned.

The testimony of the selectmen confirmed that of the town clerk, as to the proceedings of the meeting, and the accuracy of the record.

It further appeared, that Mr. Marsh subsequently called on Mr. Dixon, one of the selectmen, for a certificate of his election. The certificate presented to the house was signed by Mr. Marsh himself, and Mr. Dixon, they constituting a majority of the board of selectmen, Mr. Winn, the third, refusing to sign it.

Mr. Marsh requested the committee to hear testimony to be offered on his behalf; that the statement of votes in the town clerk's record was not correct; and that there were illegal votes cast against him at said election; which, if rejected, as he contended they should have been, he, Mr. Marsh, would have been elected by a majority of the legal voters of the town.

The committee, being desirous to ascertain all the facts, and feeling authorized, by the numerous precedents of similar proceedings heretofore established, informed both parties that they could have the opportunity of going into the question of illegal voting, and adjourned for a further hearing; the parties having, in the mean time, been informed that the committee would furnish them with the facilities authorized by the house for procuring the attendance of witnesses; of this privilege, Mr. Marsh availed himself.

At the adjourned hearing, Mr. Marsh was not present,

although duly notified of the time and place of the hearing; several witnesses were examined on both sides, with a view to show, that there had been illegal voting at said election; but their testimony was so conflicting and contradictory, that it had little weight with the committee. Upon a view of all the facts, the committee are unanimously of opinion, that there was no sufficient evidence submitted to them, to invalidate the town clerk's record of the proceedings of said meetings, and they therefore report, that the said Mansur W. Marsh is not entitled to a seat in this house.

Upon the other subject committed to them, the letter of Mr. Marsh resigning his seat, the committee report, that the said Marsh, not having been elected to a seat in this house, has no power to resign the same, and that he have leave to withdraw his letter of resignation."

The above report was ordered to be printed, upon its presentation, and two days afterwards was agreed to.[1]